UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DAVID POSCHMANN,

    Plaintiff,

v.                                                                                      CASE NO.

JAN REAL ESTATE COMPANY, LTD.,
CAFE CHARDONNAY, INC.,
MOTHER NATURE'S PANTRY, PGA, INC.,
SUSHI YAMA PGA, INC.,
DANNY'S LILI K'S CAFE, LLC and
IRISH INVASION, INC.,

    Defendants.
_____/

## COMPLAINT

Plaintiff, DAVID POSCHMANN, by and through his undersigned counsel, hereby sues the Defendants, JAN REAL ESTATE COMPANY, LTD., CAFE CHARDONNAY, INC., MOTHER NATURE'S PANTRY, PGA, INC., SUSHI YAMA PGA, INC., DANNY'S LILI K'S CAFE, LLC and IRISH INVASION, INC., for injunctive relief pursuant to the Americans With Disabilities Act, 42 U.S.C. §12181, et seq. (hereinafter, the "ADA") and in support thereof states as follows:

### JURISDICTION

1.     This court has subject-matter jurisdiction since this action arises pursuant to 28 U.S.C. § 1331 and §1343 and Plaintiff's claims arise under 42 U.S.C. §12181 et seq. based upon Defendants' violations of Title III of the ADA.

### VENUE

2.     Venue lies in this district pursuant to 28 U.S.C. § 1391(b) because the property

that is the subject of this action is situated within this district and the events giving rise to the claims asserted herein occurred in this district.

## PARTIES

3. Plaintiff, David Poschmann, is an individual residing in this district who is over eighteen years of age and sui juris. Plaintiff is disabled as such term is defined by the ADA and is substantially limited in performing one or more major life activities due to the amputation of his right leg in 2012. Plaintiff uses a wheelchair to ambulate. Plaintiff drives his own specially equipped vehicle and has a valid disabled parking permit from the Florida Department of Highway Safety and Motor Vehicles. Plaintiff's access to the premises described below (hereinafter, the "Property"), and his full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property were restricted and limited because of Plaintiff's disability and will be restricted in the future unless and until Defendants are compelled to cure the mobility-related ADA violations that exist at the Property, including those set forth in this Complaint.[1] Plaintiff intends to return to the Property in the near future, within ninety (90) days, to avail himself of the goods and services offered to the public at the Property and/or in order to test the Property for compliance with the mobility-related provisions of the ADA.

4. Defendants transact business in this judicial district within the State of Florida by, inter alia, being the owner and operator of the Property, a retail shopping center located at 10900 North Military Trail in Palm Beach Gardens, Florida (including the adjoining grounds servicing the retail shopping center) including, but not limited to a restaurant commonly

---

[1] The term "ADA violations", as used herein, means that the physical elements at issue violated the ADA's regulations and the ADA Standards for Accessible Design, originally published in 1991, as well as the 2010 Standards that became effective on March 15, 2012.

known as "Cafe Chardonnay", located at the Property at 4533 PGA Boulevard in Palm Beach Gardens; a restaurant and store commonly known as "Mother Nature's Pantry" located at the Property at 4513 PGA Boulevard in Palm Beach Gardens; a restaurant commonly known as "Sushi Yama" located at the Property at 10921 North Military Trail in Palm Beach Gardens; a restaurant commonly known as "Lili's Cafe" located at the Property at 10961 North Military Trail in Palm Beach Gardens; and a restaurant and bar commonly known as "Paddy Mac's" located at the Property at 10971 North Military Trail in Palm Beach Gardens. Specifically, Jan Real Estate Company, Ltd. owns and operates the Property, Cafe Chardonnay, Inc. owns and operates Cafe Chardonnay, Mother Nature's Pantry, PGA, Inc. owns and operates Mother Nature's Pantry, Sushi Yama PGA, Inc. owns and operates Sushi Yama, Danny's Lili K's Cafe, LLC owns and operates Lili's Cafe and Irish Invasion, Inc. owns and operates Paddy Mac's at the Property.

**CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA**

5. On July 26, 1990, Congress enacted the ADA explaining that the purpose of the ADA was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing said discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the Federal government plays a central role in enforcing the standards set by the ADA. (42 U.S.C. § 12101(b)(1)-(4)).

6. Places of public accommodation were provided with one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date

3

of Title III of the ADA was January 26, 1992 (or January 26, 1993 if the defendant had ten or fewer employees and gross receipts of $500,000.00 or less).

7. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans With Disabilities Act of 1990 in the *Federal Register* to implement the requirements of the ADA (hereinafter "STANDARDS"). Public accommodations were required to conform to these regulations on or before March 15, 2012.[2]

8. The Property is a place of public accommodation pursuant to the ADA.

9. Most recently, in February, 2020 Plaintiff attempted to, and to the extent possible, accessed the Property but could not fully do so because of his disability due to the mobility-related ADA violations as well as Defendants' mobility-related discriminatory policies towards the disabled that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including the ADA violations set forth in this Complaint.

10. Plaintiff is an advocate of the rights of similarly situated disabled persons and, pursuant to *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir. 2013), is a "tester" for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

11. Plaintiff intends to visit the Property again in the near future in order to utilize the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property

---

[2] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specifications for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

and/or in order to test the Property for compliance with the mobility-related provisions of the ADA, but he will be unable to do so because of his disability due to the mobility-related ADA violations as well as Defendant's mobility-related discriminatory policies towards the disabled that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

12. Defendants have discriminated against Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property in violation of the ADA and will continue to discriminate against Plaintiff unless and until Defendants implement policies, consistent with the ADA, to accommodate the disabled and are compelled to remove all physical barriers relevant to Plaintiff's disability that exist at the Property, including but not limited to those set forth in this Complaint, thus making the Property accessible to Plaintiff, as required by the ADA.

## COUNT I – FOR INJUNCTION AGAINST JAN REAL ESTATE COMPANY, LTD.

13. Plaintiff realleges and reavers paragraphs 1 through 12 above as if fully set forth herein.

14. The mobility-related unlawful physical barriers and ADA violations encountered and/or known by Plaintiff which preclude or limit Plaintiff's ability (because of Plaintiff's disability) to access the Property **(including, but not limited to Cafe Chardonnay, Mother Nature's Pantry, Sushi Yama, Lili's Cafe, and Paddy Mac's)** and/or fully and equally enjoy the goods, services, facilities, privileges, advantages and/or accommodations of the Property, include (the applicable sections of the STANDARDS are also denoted[3]):

---

[3] The 2010 Standards are denoted because the required remediation will occur after March 15, 2012 and thus must comply with these standards.

a) Non-compliant accessible routes including a failure to safely connect the retail shopping center with the public sidewalk and a failure to connect the retail shopping center with PNC Bank and Bank of America (in violation of STANDARDS 206, 402, 403, and 404);

b) Non-compliant disabled person parking spaces including but not limited to improper dispersion throughout the retail shopping center, lack of proper signage, lack of compliant adjacent access aisle and lack of a proper connection to the accessible entrances, and improper slopes (in violation of STANDARDS 208 and 502);

c) Non-compliant passenger loading zone in front of Outback Steakhouse (in violation of STANDARD 503);

d) Non-compliant ramps (in violation of STANDARDS 404 and 405);

e) Non-compliant restrooms within the tenant spaces including but not limited to inaccessible lavatories and sinks, lack of clear floor space, improper height and improper plumbing elements, lack of proper turning and maneuvering space, improper doors and doorways, improper door hardware, lack of compliant grab bars, lack of insulation of plumbing elements, and elements located at heights in excess of those allowable (in violation of STANDARDS 213, 603 and 604);

f) Lack of compliant disabled person signage (in violation of STANDARD 216);

g) Lack of disabled person seating and bar area spaces within the tenant spaces (in violation of STANDARDS 226 and 902);

h) Non-compliant counters and bars within the tenant spaces whose heights are in excess of the maximum height allowable (in violation of STANDARDS 226, 227, 902 and 904);

i) Non-compliant accessible routes within the tenant spaces including non-compliant changes in elevation and thresholds (in violation of STANDARDS 206, 401, 402, 403 and 404);

j) Non-compliant clear floor space at doors (in violation of STANDARD 404); and

k) Any other violations of the STANDARDS located in the interior tenant spaces as described in paragraphs 20, 26, 32, 38 and 44.

15. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and is technically feasible. 42 U.S.C. § 12182(b)(2)(A)(iv) and 42 U.S.C. §12183(a)(2).

16. Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant Jan Real Estate Company, Ltd. is required to remove the physical barriers, dangerous conditions and ADA violations as well as its discriminatory policies towards the disabled that exist at the Property, including but not limited to those set forth herein.

17. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Defendant Jan Real Estate Company, Ltd. including litigation expenses and costs pursuant to 42 U.S.C. §12205.

18. Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Defendant Jan Real Estate Company, Ltd. to implement policies, consistent with the ADA, to accommodate the disabled and to alter the property to make it readily accessible to and usable by Plaintiff as required by the ADA.

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent injunction enjoining Defendant Jan Real Estate Company, Ltd. from continuing its mobility-related discriminatory practices, ordering it to implement policies, consistent with the ADA, to accommodate the disabled and to remove the mobility-related physical barriers to access and alter the subject Property to make it readily accessible to and usable by Plaintiff as required by the ADA, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

## COUNT II – FOR INJUNCTION AGAINST CAFE CHARDONNAY, INC.

19. Plaintiff reallages and reavers paragraphs 1 though 12 above as if fully set forth herein.

20. The mobility-related unlawful physical barriers and ADA violations encountered and/or known by Plaintiff at Cafe Chardonnay which preclude or limit Plaintiff's ability (because of Plaintiff's disability) to access Cafe Chardonnay and/or fully and equally enjoy the goods, services, facilities, privileges, advantages and/or accommodations of Cafe Chardonnay, include (the applicable sections of the STANDARDS are also denoted[4]):

a) Non-compliant restroom including but not limited to lack of compliant grab bars, lack of insulation on exposed pipes, non-compliant coat hook, door hardware and a lack of compliant maneuvering space when entering the restroom (in violation of STANDARDS 213, 404, 603, 604 and 606);

b) Non-compliant disabled person seating and dining spaces (in violation of STANDARDS 226 and 902);

c) Non-compliant hostess counter and bar whose heights are in excess of the maximum height allowable (in violation of STANDARDS 226, 227, 902 and 904);

d) Non-compliant interior accessible routes including a lack of an accessible route to the second floor dining area and the elevated dining area next to the windows (in violation of STANDARDS 402, 403 and 404).

21. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and is technically feasible. 42 U.S.C. § 12182(b)(2)(A)(iv) and 42 U.S.C. §12183(a)(2).

22. Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant Cafe Chardonnay, Inc. is required to remove the mobility-related physical ADA violations as well as its mobility-related discriminatory policies towards the disabled that exist at Cafe Chardonnay, including those set forth herein.

---

[4] The 2010 Standards are denoted because the required remediation will occur after March 15, 2012 and thus must comply with these standards.

23. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Defendant Cafe Chardonnay, Inc. including litigation expenses and costs pursuant to 42 U.S.C. §12205.

24. Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Defendant Cafe Chardonnay, Inc. to implement policies, consistent with the ADA, to accommodate the disabled and to alter the property to make it readily accessible to and usable by Plaintiff as required by the ADA.

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent injunction enjoining Defendant Cafe Chardonnay, Inc. from continuing its mobility-related discriminatory practices, ordering it to implement policies, consistent with the ADA, to accommodate the disabled and to remove the mobility-related physical barriers to access and alter Cafe Chardonnay to make it readily accessible to and usable by Plaintiff as required by the ADA, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

## COUNT III – FOR INJUNCTION AGAINST MOTHER NATURE'S PANTRY, PGA, INC.,

25. Plaintiff reallages and reavers paragraphs 1 though 12 above as if fully set forth herein.

26. The mobility-related unlawful physical barriers and ADA violations encountered and/or known by Plaintiff at Mother Nature's Pantry which preclude or limit Plaintiff's ability (because of Plaintiff's disability) to access Mother Nature's Pantry and/or fully and equally enjoy

the goods, services, facilities, privileges, advantages and/or accommodations of Mother Nature's Pantry, include (the applicable sections of the STANDARDS are also denoted[5]):

- a) Non-compliant restroom including but not limited to lack of clear floor space, lack of maneuvering space, lack of compliant grab bars, lack of insulation on exposed pipes, non-compliant door handles and improperly heighted elements (in violation of STANDARDS 213, 603, 604 and 606);

- b) Lack of compliant disabled person signage (in violation of STANDARD 216);

- c) Lack of disabled person seating and dining spaces (in violation of STANDARDS 226 and 902);

- d) Non-compliant counters whose heights are in excess of the maximum height allowable (in violation of STANDARDS 226, 227, 902 and 904);

- e) Non-compliant doors and door hardware (in violation of STANDARDS 206, 402, 403 and 404) and

- f) Non-compliant interior accessible routes and clear floor space including multiple non-compliant interior ramps and changes in elevation and lack of maneuvering space (in violation of STANDARDS 206, 402, 403 and 404).

27. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and is technically feasible. 42 U.S.C. § 12182(b)(2)(A)(iv) and 42 U.S.C. §12183(a)(2).

28. Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant Mother Nature's Pantry, PGA, Inc. is required to remove the mobility-related physical ADA violations as well as its mobility-related discriminatory policies towards the disabled that exist at Mother Nature's Pantry, including those set forth herein.

29. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Defendant

---

[5] The 2010 Standards are denoted because the required remediation will occur after March 15, 2012 and thus must comply with these standards.

Mother Nature's Pantry, PGA, Inc. including litigation expenses and costs pursuant to 42 U.S.C. §12205.

30. Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Defendant Mother Nature's Pantry, PGA, Inc. to implement policies, consistent with the ADA, to accommodate the disabled and to alter the property to make it readily accessible to and usable by Plaintiff as required by the ADA.

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent injunction enjoining Defendant Mother Nature's Pantry, PGA, Inc. from continuing its mobility-related discriminatory practices, ordering it to implement policies, consistent with the ADA, to accommodate the disabled and to remove the mobility-related physical barriers to access and alter Mother Nature's Pantry to make it readily accessible to and usable by Plaintiff as required by the ADA, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

## COUNT IV – FOR INJUNCTION AGAINST SUSHI YAMA PGA, INC.,

31. Plaintiff reallages and reavers paragraphs 1 though 12 above as if fully set forth herein.

32. The mobility-related unlawful physical barriers and ADA violations encountered and/or known by Plaintiff at Sushi Yama which preclude or limit Plaintiff's ability (because of Plaintiff's disability) to access Sushi Yama and/or fully and equally enjoy the goods, services, facilities, privileges, advantages and/or accommodations of Sushi Yama, include (the applicable sections of the STANDARDS are also denoted[6]):

---

[6] The 2010 Standards are denoted because the required remediation will occur after March 15, 2012 and thus must comply with these standards.

a) Non-compliant restroom including but not limited to lack of clear floor space, lack of maneuvering space around the water closet, non-compliant flush mechanism, non-compliant lavatory, non-compliant mirror, non-compliant paper towel dispenser, non-compliant toilet paper dispenser and non-compliant door hardware (in violation of STANDARDS 213, 603, 604 and 606);

b) Lack of compliant disabled person signage (in violation of STANDARD 216);

c) Lack of disabled person seating and dining spaces (in violation of STANDARDS 226 and 902) and

d) Non-compliant counter and bar whose heights are in excess of the maximum height allowable (in violation of STANDARDS 226, 227, 902 and 904).

33. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and is technically feasible. 42 U.S.C. § 12182(b)(2)(A)(iv) and 42 U.S.C. §12183(a)(2).

34. Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant Sushi Yama PGA, Inc. is required to remove the mobility-related physical ADA violations as well as its mobility-related discriminatory policies towards the disabled that exist at Sushi Yama, including those set forth herein.

35. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Defendant Sushi Yama PGA, Inc. including litigation expenses and costs pursuant to 42 U.S.C. §12205.

36. Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Defendant Sushi Yama PGA, Inc. to implement policies, consistent with the ADA, to accommodate the disabled and to alter the property to make it readily accessible to and usable by Plaintiff as required by the ADA.

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent

injunction enjoining Defendant Sushi Yama PGA, Inc. from continuing its mobility-related discriminatory practices, ordering it to implement policies, consistent with the ADA, to accommodate the disabled and to remove the mobility-related physical barriers to access and alter Sushi Yama to make it readily accessible to and usable by Plaintiff as required by the ADA, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

### COUNT V – FOR INJUNCTION AGAINST DANNY'S LILI K'S CAFE, LLC

37. Plaintiff reallages and reavers paragraphs 1 though 12 above as if fully set forth herein.

38. The mobility-related unlawful physical barriers and ADA violations encountered and/or known by Plaintiff at Lili's Cafe which preclude or limit Plaintiff's ability (because of Plaintiff's disability) to access Lili's Cafe and/or fully and equally enjoy the goods, services, facilities, privileges, advantages and/or accommodations of Lili's Cafe, include (the applicable sections of the STANDARDS are also denoted[7]):

   a) Non-compliant restroom including but not limited to lack of clear floor space, lack of maneuvering space, non-compliant mirror, non-compliant toilet paper dispenser, non-compliant paper towel dispenser and non-compliant urinal (in violation of STANDARDS 213, 603 and 604);

   b) Lack of compliant disabled person signage (in violation of STANDARD 216);

   c) Lack of disabled person seating and dining spaces including non-compliant counter seating (in violation of STANDARDS 226 and 902);

   d) Non-compliant counter whose height is in excess of the maximum height allowable (in violation of STANDARDS 226, 227, 902 and 904);

---

[7] The 2010 Standards are denoted because the required remediation will occur after March 15, 2012 and thus must comply with these standards.

39. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and is technically feasible. 42 U.S.C. § 12182(b)(2)(A)(iv) and 42 U.S.C. §12183(a)(2).

40. Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant Danny's Lili K's Cafe, LLC is required to remove the mobility-related physical ADA violations as well as its mobility-related discriminatory policies towards the disabled that exist at Lili's Cafe, including those set forth herein.

41. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Defendant Danny's Lili K's Cafe, LLC including litigation expenses and costs pursuant to 42 U.S.C. §12205.

42. Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Defendant Danny's Lili K's Cafe, LLC to implement policies, consistent with the ADA, to accommodate the disabled and to alter the property to make it readily accessible to and usable by Plaintiff as required by the ADA.

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent injunction enjoining Defendant Danny's Lili K's Cafe, LLC from continuing its mobility-related discriminatory practices, ordering it to implement policies, consistent with the ADA, to accommodate the disabled and to remove the mobility-related physical barriers to access and alter Lili's Cafe to make it readily accessible to and usable by Plaintiff as required by the ADA, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

## COUNT VI – FOR INJUNCTION AGAINST IRISH INVASION, INC.

43. Plaintiff reallages and reavers paragraphs 1 though 12 above as if fully set forth herein.

44. The mobility-related unlawful physical barriers and ADA violations encountered and/or known by Plaintiff at Paddy Mac's which preclude or limit Plaintiff's ability (because of Plaintiff's disability) to access Paddy Mac's and/or fully and equally enjoy the goods, services, facilities, privileges, advantages and/or accommodations of Paddy Mac's, include (the applicable sections of the STANDARDS are also denoted[8]):

   a) Non-compliant restroom including but not limited to lack of clear floor space, lack of maneuvering space, non-compliant mirror, non-compliant toilet paper dispenser, non-compliant paper towel dispenser, non-compliant water closet, non-compliant grab bars, non-compliant lavatory and non-compliant urinal (in violation of STANDARDS 213, 603, 604 and 606);

   b) Lack of compliant disabled person signage (in violation of STANDARD 216);

   c) Lack of disabled person seating and dining spaces (in violation of STANDARDS 226 and 902);

   d) Non-compliant bar whose height is in excess of the maximum height allowable (in violation of STANDARDS 226 and 902) and

   e) Non-compliant hostess counter whose height is in excess of the maximum height allowable (in violation of STANDARDS 227 and 904).

45. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and is technically feasible. 42 U.S.C. § 12182(b)(2)(A)(iv) and 42 U.S.C. §12183(a)(2).

46. Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until

---

[8] The 2010 Standards are denoted because the required remediation will occur after March 15, 2012 and thus must comply with these standards.

Defendant Irish Invasion, LLC is required to remove the mobility-related physical ADA violations as well as its mobility-related discriminatory policies towards the disabled that exist at Paddy Mac's, including those set forth herein.

47. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Defendant Irish Invasion, LLC including litigation expenses and costs pursuant to 42 U.S.C. §12205.

48. Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Defendant Irish Invasion, LLC to implement policies, consistent with the ADA, to accommodate the disabled and to alter the property to make it readily accessible to and usable by Plaintiff as required by the ADA.

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent injunction enjoining Defendant Irish Invasion, LLC from continuing its mobility-related discriminatory practices, ordering it to implement policies, consistent with the ADA, to accommodate the disabled and to remove the mobility-related physical barriers to access and alter Paddy Mac's to make it readily accessible to and usable by Plaintiff as required by the

ADA, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

                                                          s/Drew M. Levitt
DREW M. LEVITT, ESQ.
Florida Bar No: 782246
E-mail: DrewMLevitt@gmail.com
LEE D. SARKIN, ESQ.
Florida Bar No. 962848
E-mail: Lsarkin@aol.com
Attorneys for Plaintiff
4700 N.W. Boca Raton Boulevard
Suite 302
Boca Raton, Florida 33431
Telephone (561) 994-6922
Facsimile (561) 994-0837